# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| PATRICIA H. DODD,              ) | |
|            ) | |
|   **Plaintiff,**   ) | |
|            ) | |
| v.          ) | |
|            )  CASE NO. 1:23-CV-00408 | |
| PRUCO LIFE INSURANCE ) | |
| COMPANY,       ) | |
|            ) | |
|   **Defendant.**   ) | |
|            ) | |

## NOTICE OF REMOVAL

Defendant, Pruco Life Insurance Company ("Defendant" or "Pruco"), gives notice that it has removed this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama.

## GROUNDS FOR REMOVAL

1. Pursuant to 28 U.S.C. § 1446(a), the basis for removal of this action is diversity jurisdiction under 28 U.S.C. § 1332(a).

2. The amount in controversy in this action exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3. The matter in controversy is between citizens of different states.

## STATE COURT FILINGS

4. On September 26, 2023, Plaintiff Patricia H. Dodd ("Plaintiff" or "Dodd") filed her Complaint in the Circuit Court of Mobile County, Alabama in

the matter styled *Patricia H. Dodd v. Pruco Life Insurance Company*, Case No. 02-CV-2023-902008 (the "State Court Action"). A copy of the Mobile County Circuit Court Clerk's Docket Sheet for the State Court Action is attached as "Exhibit A."

5. Pursuant to 28 U.S.C. § 1446(a), a complete copy of the State Court file, which includes copies of all process, pleadings, and orders served on or by Pruco is attached as "Exhibit B."[1]

## SERVICE AND TIMELY REMOVAL

6. Pruco was served with the Plaintiff's Complaint on September 29, 2023. (*See* Summons at Exhibit B.)

7. Pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is timely because it is filed within 30 days of the date on which Pruco was served with the Plaintiff's Complaint, which is the initial pleading setting forth the claims for relief upon which this action is based. *See also* Fed. R. Civ. P. 6(a).

## VENUE

8. Pursuant to 28 U.S.C. §1446(a), the United States District Court for the Southern District of Alabama is the proper district to file this removal based on where the state court action was filed. *See* 28 U.S.C. § 81(a)(4).

## NATURE OF THE CASE

9. Plaintiff brings a single claim against Pruco for breach of contract based upon a 2011 life insurance policy with a face amount of $500,000 that was

---

[1] Social security numbers and dates of birth have been redacted from these filings, as required by Fed. R. Civ. P. 5.2.

2

issued by Pruco (the "Policy") insuring the life of Ronald H. Dodd (the "Insured"), who is alleged to be Plaintiff's husband. (*See generally* Complaint.)

10. Plaintiff alleges that Pruco increased the Insured's monthly premiums to an amount higher than the maximum premium amount permitted by the Policy. (*Id.*, ¶¶ 5-7.)

11. Plaintiff asserts that the Insured was unable to pay the increased premium amount, and the Policy lapsed for non-payment. (*Id.*, ¶ 9.)

12. Plaintiff contends that if not for Pruco's alleged breach of contract, Plaintiff would have been paid $500,000 at the time of the Insured's death. (*Id.*, ¶ 15.)

## DIVERSITY OF CITIZENSHIP

13. Pruco is informed and believes that Plaintiff is and at all relevant times was a resident and citizen of Alabama. (*Id.*, ¶ 1.)

14. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Under Supreme Court law, a corporation's "principal place of business" is its "nerve center," or the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

15. Pruco is and was, at all relevant times, a corporation incorporated under the laws of the State of Arizona, with its principal place of business in Newark, New Jersey. Therefore, Pruco is a citizen of Arizona and New Jersey for diversity purposes.

16. At the time the State Court Action was commenced and at the present time, complete diversity of citizenship existed and exists between Plaintiff and Pruco under 28 U.S.C. §1332(a).

## AMOUNT IN CONTROVERSY

17. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

18. Plaintiff does not plead a specific amount of damages in her Complaint. Consequently, this Court must find, by a preponderance of the evidence, that the total amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

19. In some instances, it will be " 'facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.' " *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001)). "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional

4

burden." *Roe*, 613 F.3d at 1061. Courts may make reasonable deductions and inferences from the pleadings to determine whether the amount in controversy is met. *Id.* at 1061-62. The removing defendant is not restricted to specific types of evidence to satisfy the amount in controversy requirement, and may introduce declarations or other documentation. *Pretka*, 608 F.3d at 754–55.

20. In the instant case, the Complaint provides a sufficient factual basis to reasonably determine that the amount in controversy in this case exceeds $75,000.

21. Plaintiff's cause of action for breach of contract arises out of a life insurance policy issued by Pruco to the Insured with a face amount of $500,000. (Complaint, ¶ 4 and Policy attached as Ex. A to Complaint.)

22. Plaintiff alleges that, if not for Pruco's alleged breach of contract, Plaintiff would have been paid $500,000 at the time of the Insured's death. (*Id.*, ¶ 15.)

23. Eleventh Circuit law provides that "when the validity of a life insurance policy is at issue in a case, the face value of the insurance policy is the amount in controversy." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925–26 (11th Cir. 2019) (citing *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996)).

24. Because Plaintiff seeks damages based upon a life insurance policy with a face value of $500,000, the amount in controversy is satisfied.

## COMPLIANCE WITH OTHER REQUIREMENTS OF 28 U.S.C. § 1446

25. Pursuant to 28 U.S.C. §1446(d), Pruco is promptly filing a Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama and giving written notice thereof to all adverse parties.

26. Pruco, as the only named defendant in this case, consents to this Notice of Removal.

**WHEREFORE,** Pruco respectfully requests that this Notice of Removal be filed, that Case No. 02-CV-2023-902008 in the Circuit Court of Mobile County, Alabama be removed to and proceed in this Court, and that no further proceedings be had in Case No. 02-CV-2023-902008 in the Circuit Court of Mobile County.

Dated this 30th day of October, 2023.

Respectfully submitted,

*s/ Alyse N. Windsor*
James S. Williams
Alyse N. Windsor
Attorneys for Defendant Pruco Life Insurance Company

**OF COUNSEL:**

**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727

6

Tel.:  (205) 930-5100
Fax:   (205) 930-5101
J.williams@dentons.com
Alyse.windsor@dentons.com

## CERTIFICATE OF SERVICE

     I hereby certify that on the 30th day of October, 2023, I served a copy of the foregoing upon all attorneys of record in the above-styled cause by email and by placing a copy of the same, properly addressed and postage prepaid, in the United States Mail:

     Jeffrey R. Sport
     LAW OFFICE OF JEFFREY R. SPORT
     3755 Professional Pkwy., Suite B
     Mobile, Alabama 36609
     Jeff.sport@sportlaw.us

                    *s/ Alyse N. Windsor*
                    Attorney for Defendant

DOCSBHM\2445099\2